**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF NEW MEXICO**

RONALD BERNIER, individually and doing business as DIVERSIFIED INSURANCE SERVICES,

Plaintiff,

v. No. CIV 08-366 MV/KBM

ALLSTATE INSURANCE COMPANY, and ELADIO MUNIZ,

Defendants.

**MEMORANDUM OPINION AND ORDER**

**THIS MATTER** comes before the Court on Plaintiff's Motion to Remand. (Doc. No. 16, filed April 30, 2008) and on Defendants' Motion to Dismiss (Doc. No. 10, filed April 14, 2008). For the reasons stated below, the Court will **GRANT** Plaintiff's Motion to Remand and **DENY** Defendants' Motion to Dismiss as moot. This case is hereby **REMANDED** to the the Second Judicial District Court, County of Bernalillo, New Mexico.

**Background**

Plaintiff seeks damages against Defendant Allstate Insurance Co. ("Allstate") and an Allstate employee ("Defendant Muniz"). Plaintiff entered into an agreement with Allstate in which Allstate approved Plaintiff's purchase of an Allstate agency. (Complaint ¶¶ 6-7, Docket No. No. 1-4, filed April 7, 2008). Defendants then terminated Plaintiff's agency agreement. (*Id.* ¶ 8). The agency agreement provides that when Allstate terminates an agency agreement, the agent has a specified period of time to find a buyer approved by Allstate. (*Id.* ¶¶ 9-10). If an approved buyer is not obtained within that period of time, then Allstate purchases the agency from the agent at a "drastically reduced price." (*Id.*).

Plaintiff found an eligible buyer within the required time period with a purchase price of $325,000. (*Id.* ¶ 11). Defendant Muniz approved the purchase. (*Id.* ¶ 12). Defendants later disapproved the purchase. (*Id.*). Plaintiff found a second eligible buyer within the required time period with a purchase price of $300,000. (*Id.* ¶ 13). Defendant Muniz approved the purchase by the second buyer. (*Id.* ¶ 14). Defendants later disapproved the second purchase. (*Id.*). Allstate later paid Plaintiff approximately $99,000 for the agency. (Notice of Removal at 4, (Docket No. 1, filed April 7, 2008).

Plaintiff filed his Complaint in state court seeking damages for breach of contract, intentional interference with contractual relations, fraud, and in the alternative, *prima facie* tort. (Complaint at 1). Defendants then removed the case to this Court on the basis of diversity of citizenship. Both Plaintiff and Defendant Muniz are citizens of New Mexico. (Complaint ¶¶ 1, 3). Defendants argue that Defendant Muniz was fraudulently joined to defeat diversity jurisdiction. (Notice of Removal at 3). Plaintiff filed his Motion to Remand now before the Court.

**Fraudulent Joinder**

Plaintiff seeks remand on the grounds that the Notice of Removal is factually incorrect because Defendant Muniz was not fraudulently joined and, therefore, there is no diversity jurisdiction in this case. (Motion at 1, 4-11).

The defendant bears the burden of showing fraudulent joinder. *McKee v. Kansas City Southern Ry. Co.*, 358 F.3d 329, 333 (5th Cir. 2004). “To prove their allegation of fraudulent joinder the removing parties must demonstrate that there is no possibility that plaintiff would be able to establish a cause of action against the joined party in state court.” *Montano v. Allstate Indemnity*, 211 F.3d 1278, 2000 WL 525592 *1 (10th Cir. 2000) (*quoting Hart v. Bayer Corp.*, 199 F.3d 239,

243 (5th Cir. 2000)). In evaluating fraudulent joinder, a court must resolve all disputed questions of fact and all ambiguities in the controlling law in favor of the non-removing party. *Id.* The court then determines whether that party has any possibility of recovery against the party whose joinder is questioned. *Id.* Fraudulent joinder must be pleaded with particularity and proven with certainty. *McLeod v. Cities Service Gas Co.*, 233 F.2d 242, 246 (10th Cir. 1956); *see also Updike v. West*, 172 F.2d 663, 665 (10th Cir. 1949) ("There must be a deducible bad faith purpose to defeat Federal jurisdiction").

Defendants contend that Plaintiff failed to state a claim for breach of contract against Defendant Muniz because Muniz was not a party to the agency agreement between Plaintiff and Allstate. (Response at 6-7). It "is well established that an agent acting within his authority for a disclosed principal is not personally liable unless he was expressly made a party to the contract *or unless he conducts himself in such a manner as to indicate an intent to be bound*." *Barnes v. Sadler Assoc., Inc.*, 622 P.2d 239, 240 (N.M. 1981) (*emphasis added*). Plaintiff does not dispute that Defendant Muniz was not an express party to the agency agreement. (Reply at 5-6, (Docket No. No. 24, filed June 5, 2008). However, Defendants do not address whether Defendant Muniz conducted himself in such a manner as to indicate an intent to be bound to the agreement other than stating "Plaintiff has not demonstrated how Muniz could be found to be a party to the Agreement." (Response at 6-7). Defendants, not Plaintiff, bear the burden on the issue of fraudulent joinder. Defendants have not demonstrated that there is no possibility that Plaintiff would be able to establish a breach of contract cause of action against Defendant Muniz in state court. *See Pacheco de Perez v. AT&T Co.*, 139 F.3d 1368, 1380-1381 (11th Cir. 1998) ("Where a plaintiff states even a colorable claim against the resident defendant, joinder is proper and the case should be remanded to state

court;" "federal courts are not to weigh the merits of a plaintiff's claim beyond determining whether it is an arguable one under state law.").

Remand is required if any one of the claims against the non-diverse defendant is possibly viable. *Montano v. Allstate Indemnity*, 211 F.3d 1278, 2000 WL 525592 *1 (10th Cir. 2000). Because it finds the breach of contract claim against Defendant Muniz is possibly viable, the Court need not evaluate the possible viability of Plaintiff's intentional interference with contractual relations, fraud, and *prima facie* tort claims.

**Attorney's Fees**

Plaintiff also seeks an award of costs and attorneys' fees. *See* U.S.C. § 1447 (c) ("An order remanding the case may require payment of just costs and any actual expenses, including attorney fees, incurred as a result of the removal"). "Absent unusual circumstances, courts may award attorney's fees under § 1447(c) only where the removing party lacked an objectively reasonable basis for seeking removal. Conversely, when an objectively reasonable basis exists, fees should be denied." *Martin v. Franklin Capital Corp.*, 546 U.S. 132, 141 (2005).

Defendants lacked an objectively reasonable basis to remove this case. In their Notice of Removal, Defendants recognized that an agent may be liable for breach of contract under New Mexico case law if his conduct indicated an intent to be bound. (Notice of Removal at 5). It is well established that the party asserting fraudulent joinder bears the heavy burden of demonstrating there is no possibility that plaintiff would be able to establish a cause of action against the joined party. Defendants did not address whether Defendant Muniz' conduct indicated an intent to be bound by the agency agreement. Defendants only state that there "is no such allegation made against Muniz." (Notice of Removal at 5). The fraudulent joinder standard "is more exacting than that for dismissing

a claim under Fed. R. Civ. P. 12(b)(6). *Montano v. Allstate Indemnity*, 211 F.3d 1278, 2000 WL 525592 *1 (10th Cir. 2000). Plaintiff's breach of contract claim against Defendant Muniz is clearly an arguable one under state law. The Court will award Plaintiff reasonable costs and attorney's fees incurred in his Motion to Remand.

**Motion to Dismiss**

Defendants filed their Motion to Dismiss Plaintiff's Complaint pursuant to Fed. R. Civ. P. 12(b)(6), 12(b)(1) and 9(b) on April 14, 2008. (Doc. No. 10). Because it is granting Plaintiff's Motion to Remand this case to state court, the Court will deny Defendants' Motion to Dismiss as moot.

This case is hereby remanded to the Second Judicial District Court, County of Bernalillo, New Mexico.

**IT IS SO ORDERED.**

Dated this 30th day of March, 2009.

**MARTHA VAZQUEZ**
**CHIEF UNITED STATES DISTRICT JUDGE**

*Attorneys for Plaintiff:*

Ilyse D. Hahs
2014 Central Avenue SW
Albuquerque, NM 87104

G. Holdt Garver
2701 San Pedro NE, Ste. 1
Albuquerque, NM 87110

*Attorneys for Defendants:*

M. Scott Barnard
Patrick G. O'Brien
1700 Pacific Avenue, Suite 4100
Dallas, Texas 75201-4675

Michael J. Cadigan
707 Broadway N.E., Suite 301
Albuquerque, NM 87102